85 531
67a 304

## The Cairo and St. Louis Railroad Company

### v.

### Wilson S. Watson et al.

Lien on railroad—*does not extend beyond sub-contractor*. The statute giving a lien on railroads, like the mechanics' lien law, does not extend beyond sub-contractors. One furnishing materials to a sub-contractor has no lien against the railroad company or its property.

Writ of Error to the Circuit Court of Union county; the Hon. Monroe C. Crawford, Judge, presiding.

Messrs. Judd & Whitehouse, for the plaintiff in error.

Mr. J. Dougherty, for the defendants in error.

Mr. Justice Scott delivered the opinion of the Court:

The petition and interpleading in this case, were filed by parties who had done labor and furnished supplies to sub-

contractors, under the principal contractors who had undertaken to construct the Cairo and St. Louis Railroad for the company, to establish a lien in their favor on the railroad property, under the provisions of "An act to protect contractors, sub-contractors and laborers in their claims against railroad companies or corporations, contractors or sub-contractors." One point made, we think, is conclusive of the whole case, viz.: the statute has given no lien in favor of one who may have done labor or furnished supplies or materials to sub-contractors, for the construction of any railroad. The provisions of the statute are, that "every person who shall hereafter, as sub-contractor, material-man, or laborer, furnish to any contractor with any such railroad corporation, any fuel, ties, materials, supplies or any article or thing, or who shall do or perform any work or labor for such contractor," in conformity with the terms of his contract with such railroad company, shall have a lien on the property of the railroad corporation.

It will be perceived, the legislature has not seen fit, by the use of any apt words, to extend the lien given beyond sub-contractors, and we have no right, by judicial construction, to extend the meaning of the act beyond the intention plainly expressed. The propriety of enlarging its provisions in that regard, is with the legislative department.

The act of 1869, giving liens in favor of mechanics, is expressed in almost the same language as in the act we are considering, and this court has, in several cases, declared the lien secured does not extend beyond the first sub-contractor. *Rothgerber* v. *Dupuy*, 64 Ill. 452; *Ahern* v. *Evans*, 66 id. 125; *Newkall* v. *Kastens et al.* 70 id. 156. Both acts are subject to the same construction, and neither can be construed otherwise consistently with the plainly expressed intention of the legislature.

This view of the law renders it unnecessary to notice other points discussed in argument. No lien can be maintained in favor of petitioner or the parties interpleading. None of them, by any proper allegation, show they are entitled to any lien on the property of the railroad company under the statute.

Their claims are all against remote contractors, and it is sufficient, so far as the present decision is concerned, that the statute has given them no liens for the several amounts due them, that can be enforced against the railroad company or other defendants in this proceeding.

The judgment will be reversed, and cause remanded.

*Judgment reversed.*