Andrews & Johnson Co. v. Atwood.

---

## Andrews & Johnson Company v. Frederick M. Atwood et al.

## Fitz E. Culver v. Frederick M. Atwood et al.

1. CONTRACTS—*What Law is a Part of.*—The law in force at the time a contract is made which bears upon the liabilities incurred by the parties, either fixed or contingent, is, in contemplation of law, a part of the contract.

2. MECHANIC'S LIENS—*Application of Act Giving a Lien to Sub-subcontractor.*—The statute giving a mechanic's lien to sub-subcontractors does not apply to cases where the original contract was made before the passage of the statute, although the sub-subcontract was made after such passage.

**Mechanic's Lien.**—Appeals from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 14, 1896.

CARLOS S. ANDREWS, attorney for Andrews & Johnson Co., appellants.

ARND & ARND, attorneys for Fitz E. Culver, appellant.

MARSTON, AUGUR & TUTTLE, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The main question is the same in each of these cases.

May 27, 1895, Atwood contracted with the George A. Fuller Company to erect—complete—a large building.

June 10, 1895, the latter sub-let the heating apparatus to the Charles H. Simmons Company, and that company sub-let to the appellants portions thereof, part to one and part to the other, after the act to revise the law in relation to mechanic's liens, approved and in force June 26, 1895, went into effect.

Under such sub-subcontracts, the appellants did the work for which, by their petitions herein, they claim liens upon the building and premises.

That sub-subcontractors had no lien under the law as it had always been before the last act, is undisputed. Cairo & St. Louis R. R. v. Watson, 85 Ill. 531.

Under the present law they have such lien, and the appellants claim that, as their contracts were made and performed since that law came into force, they are entitled to the benefit of it, as a law relating only to remedy. It can hardly be contended that so far as relates to the owner, a part of the new law is in force and a part not. If the whole effect of the law were merely in the nature of a garnishment of funds in his hands, as to which funds he would, in legal contemplation, be indifferent whether one or another should have them, there would be more ground for the position that the law relates only to remedy; but not only does it charge with a lien his property, which creates a right to be enforced by the provisions for a remedy, but it lays upon him the performance of acts, or sufferance of the consequences, which acts were not required by former laws. Under section 5 it is made his duty to require of the contractor "a statement in writing, under oath or verified by affidavit," of many things, and under section 22, consequences follow if he does not make "written protest" against things there mentioned. Now, when Atwood let the contract to the George A. Fuller Company, the law then in force as to the liabilities they respectively incurred, fixed or contingent, as consequences of that contract, were, in contemplation of law, part of the contract. Von Hoffman v. City of Quincy, 4 Wal. 535, 550.

The legislature could not have intended to do what it

could not do, viz., add to, or take from, the sum of what each party to the contract was to do, to be entitled to all the benefit that party was to have from the contract by its terms.

The George A. Fuller Company could impose upon Atwood the burden of protecting himself as to sub-contractor Charles H. Simmons Company, because the then law permitted such imposition; but the latter company could not impose upon Atwood the further burden of protecting himself against sub-subs, because all the burdens of Atwood are legal consequences of his contract with George A. Fuller Company, and when that contract was made, the law did not permit such imposition.

The decrees dismissing the petition are affirmed.