SCHAAR & KOCH *et al.*

*v.*

THE KNICKERBOCKER ICE COMPANY.

*Filed at Ottawa March 31, 1894.*

1. MECHANIC'S LIEN—*lien for material furnished a sub-contractor.* The statute (Rev. Stat. chap. 82, sec. 29,) does not give a lien for material furnished to a sub-contractor. The lien is given only in favor of sub-contractors, and can not be extended to successive sub-contractors.

2. A entered into a contract with the owner of real estate to put up a building thereon, furnishing all work and material, including the brick and stone work, for which the owner was to pay him $18,700. No separate price was agreed on for the brick and stone work.· A few days after, A took B in as a partner in the brick and stone work, and they bought a lot of brick of C, who, not being paid, sought to enforce a lien for such material : *Held,* that C was a sub-sub-contractor, and was not entitled to the lien sought.

APPEAL from the Appellate Court for the First District ;— heard in that court on appeal from the Circuit Court of Cook county ; the Hon. M. F. TULEY, Judge, presiding.

This action originated in the circuit court of Cook county, on a petition by appellee, against Kate M. Vandermark and others, including the above named appellants, to enforce a sub-contractor's lien, under section 29, chapter 82, of the Revised Statutes. (2 Starr & Curtis, 1527.) Issues being joined, the cause was referred to a master to take the testimony and report the same to the court, with his conclusions on both the law and facts. On the coming in of his report, exceptions duly filed by the petitioner and also these appellants, were overruled, the report approved, and the bill dismissed at the cost of the petitioner. The ice company appealed to the Appellate Court for the First District, where the decree of the circuit court was reversed and the cause remanded, with directions to enter a decree for the petitioner, according to the

prayer of the petition. From that judgment this appeal is prosecuted.

The petition alleged that on October 1, 1891, a contract was entered into "by Kate M. Vandermark with Charles F. Roche and Timothy O'Shea, contractors and builders, to construct, erect and furnish the material for a brick block of buildings she was then erecting, or about to erect and construct, in the city of Chicago." It then states, "that in pursuance of said contract, and for the purpose of carrying out the same, the said Charles F. Roche and Timothy O'Shea contracted with your orator for the sale and delivery to them of brick and other materials to be used in and about the erection and construction of the said buildings."

The answer of Crandall, Schultz & Miller, appellants, denied that any such contract was made by Kate M. Vandermark with Charles F. Roche and Timothy O'Shea jointly, but stated, on information and belief, that she did enter into a written agreement with Timothy O'Shea, as contractor and builder, for the construction of a building according to certain plans and specifications in writing, the said Timothy O'Shea to do all the work and furnish all material for a certain price named, etc., expressly denying that Charles F. Roche was named in such contract as a party thereto or had any interest whatever therein. The answer of Schaar & Koch is a general denial of the contract by Kate M. Vandermark with Charles F. Roche and Timothy O'Shea. The original answer of Kate M. Vandermark, and John L. Vandermark, her husband, was to the same effect, but they afterwards filed an amended answer, in which they substantially admitted the making of the contract between Kate M. Vandermark and Charles F. Roche and Timothy O'Shea, as alleged in the bill.

The master reported the facts necessary to a decision of the case, as follows:

"I find that on the 6th day of November, 1891, John L. Vandermark, in his own name, entered into a contract, in writing,

with Timothy O'Shea, one of the defendants here, to do all the work and furnish all the materials included in the exca-vating, all brick work, all rubble and dimension stone work, all cut stone, all coping, joisting, rough floors, partitions and certain other work upon a building in said contract provided for, which was to be erected on the premises upon which a lien is sought in this case; that after the making of said contract for the construction of said building between said Timothy O'Shea and said John L. Vandermark, Kate M. Van-dermark, by writing dated the 12th day of February, 1892, ratified and confirmed the said contract, and also made cer-tain modifications in said contract as to the terms of payment.

"I further find, that after the making of said contract be-tween Timothy O'Shea and John L. Vandermark, hereinbefore referred to, said Timothy O'Shea took into partnership with him in the brick and stone work in said contract, but not in the carpenter or other work outside of the brick and cut stone work, one Charles F. Roche, and said Charles F. Roche, and Timothy O'Shea, after the making of said contract, became partners in carrying the same out; that after entering into said contract, said Timothy O'Shea and Charles F. Roche made a contract with the Knickerbocker Ice Company for the brick necessary for the construction of said building, the agreement being that said company should furnish the brick required for said building at the price of $5.50 per thousand, and accord-ing to the understanding and custom generally prevailing and understood between said parties, the brick should be paid for by the 15th of the subsequent month after they were delivered, and the said Knickerbocker Ice Company, the complainant herein, sent bills to O'Shea & Roche for such brick as it fur-nished each month; that said brick were charged to O'Shea & Roche; that said brick went into the building on the prem-ises in controversy, except a few of them that remained on the ground when the further carrying out of the contract was abandoned by O'Shea.

"I further find, as a matter of fact, that said Kate M. Vandermark and John L. Vandermark entirely failed to carry out their part of the contract, and did not pay any part or portion of the money due to said Timothy O'Shea for carrying on said work; that there was, by agreement and adjustment between Timothy O'Shea and Charles F. Roche and said Kate M. and John L. Vandermark, a large amount of money due him for work and labor done and materials furnished, when, on the 9th day of March, 1892, said Kate M. Vandermark and John L. Vandermark, by deed of that date, duly acknowledged and recorded, conveyed the premises in controversy to Timothy O'Shea for the express consideration of $31,500; that simultaneous with the execution of said deed there was entered into between said parties a certain contract in writing, bearing date the 9th day of March, 1892, reciting, among other things, the conveyance of the property in question by the deed last referred to, and also providing that said O'Shea & Roche should complete the buildings in course of construction, and have them finished on or before the 15th day of May, 1892, and that the said party of the first part, Kate M. Vandermark, shall have the privilege of having the said premises, when so completed, conveyed to her, or such party as she may nominate or appoint in writing, on or before the 1st day of July, 1892, for the consideration of $45,100, to be paid to said parties of the second part, and such additional sum as has been paid by said second party for insurance against loss by fire upon the said improvements for any unexpired portion of the term of said insurance policy; and it is stipulated and agreed between the parties, that in case said buildings are not completed and ready for occupancy on or before the 15th day of May, 1892, any additional number of days necessary to so complete them shall be added to the time after the 1st day of July, 1892, during which the said first party can acquire the title to said premises on the consideration aforesaid. It is also provided in said contract that the parties of the second

part shall procure a loan upon said premises, if possible, for the sum of $30,000 for the term of five years, and if they procure any further loan upon said premises secured by second mortgage, that such further loan shall be for a term not to exceed four months from the date of said instrument. Said contract was, by agreement, left in the hands of Gwynn Garnett in escrow. Afterwards, and on the 30th day of March, 1892, said Timothy O'Shea and Charles F. Roche, with their wives, conveyed said premises to Charles L. Schaar and William W. Schultz, which deed was recorded in the recorder's office of Cook county March 31, 1892. So far as the evidence in this case discloses, the defendants Charles L. Schaar and William W. Schultz, the grantees of Timothy O'Shea and Charles F. Roche, had no notice of said contract of March 9.

. "The Knickerbocker Ice Company, complainant herein, up to the 11th of January, 1892, had furnished to O'Shea and Roche 372,000 brick, at $5.50 a thousand, and said amount was agreed upon by said O'Shea & Roche, and in settlement of the account they gave a note, signed by them, for the amount of $2046; that said note of $2046 was negotiated by said Knickerbocker Ice Company, but not being paid by O'Shea & Roche at maturity, said O'Shea & Roche gave a new note, dated March 14, 1892, payable fifteen days after date, to the Knickerbocker Ice Company, for $2071.20, being principal and interest of the original note, which note drew interest at the rate of seven per cent per annum; that the original note was thereupon received back from the bank and returned to O'Shea, and the subsequent note taken in lieu thereof has been offered on the trial of this case to be surrendered, and is attached to the testimony herein; that since the settlement of the account by said note there has been furnished by the said Knickerbocker Ice Company, under its contract with O'Shea & Roche, an additional number of brick, so that the total amount now due, including said note, is the sum of $2354.82. I further find that the Knickerbocker Ice Company

has not been paid anything, and that the amount hereinbefore found is now legally due it from O'Shea & Roche; that on March 24, 1892, the mechanic's lien notice hereto attached was served upon Kate M. Vandermark by A. Hertig, as attorney for the company; that on the said 24th day of March, Kate M. Vandermark had conveyed her title to said premises to said Timothy O'Shea and Charles F. Roche, and said Timothy O'Shea and Charles F. Roche were the owners of said property, subject only to the provisions in the contract bearing date simultaneously therewith, and hereinbefore referred to."

Mr. Levi Sprague, for the appellants Crandall, Schultz & Miller.

Messrs. Weigley, Bulkley & Gray, for the appellants Schaar & Koch.

Mr. Ullman Strong, for the appellee.

Mr. Justice Wilkin delivered the opinion of the Court:

The first question raised on the record, and, in our opinion, the only material one to be decided, is, has the petitioner shown, by its allegations and proofs, that it was a sub-contractor of the alleged owner of the property, within the meaning of section 29, chapter 82, of the Revised Statutes.

It is insisted by appellants, that under the evidence the original contract was between the owner and O'Shea; that by the subsequent agreement between the latter and Roche they became sub-contractors for the brick and cut stone work, and that this petitioner is simply seeking to enforce a lien for material furnished to sub-contractors, or, as stated by the master in his report, the ice company was a "sub-sub-contractor," and therefore not entitled to a lien under the statute,—which view was adopted by the circuit court, and on that ground the petition dismissed. If the conclusion that the material for which the lien is sought to be enforced was furnished to sub-

contractors is correct, previous decisions of this court are conclusive to the effect that the petition can not be maintained. Thus, it was said in *Rothgerber* v. *Dupuy*, 64 Ill. 452 : "We can therefore only apply the statute to sub-contractors, and can not extend it indefinitely to successive sub-contractors." (See, also, *Smith Bridge Co.* v. *Railway Co.* 72 Ill. 506.) In *Ahern et al.* v. *Evans*, 66 Ill. 125, the bill was brought by an employe under a sub-contractor, and it was held it could not be maintained. In *Newhall* v. *Kastens et al.* 70 Ill. 156, the inquiry was stated to be, "whether the mechanic or workman performing labor, or a party furnishing materials, for a sub-contractor, is entitled to a lien under the provisions of the statute," and it was held he was not.

It is not denied, here, that the original contract for the buildings upon which the material was furnished by the petitioner was entered into between Kate M. Vandermark and Timothy O'Shea, individually. By that contract O'Shea agreed to put up the building, furnishing all work and materials, including the brick and stone work, for which the owner was to pay him $18,700. No separate price was agreed upon in that contract for the brick and stone work. A day or two after the contract was signed, O'Shea says he handed the plans and specifications to Roche, and stated to him : " 'Here is a contract I have just signed with Mr. Vandermark. There is a large amount of mason work in it, and if you wish to go in and take a half interest with me in the mason work, I would be pleased for you to do so,' and he consented to figure on the plans and specifications, and see whether it would pay him to go in. He reported to me, and said that he considered that there was from $2000 to $2400 profit in the mason work; that he was well satisfied to go in with me as a partner. Says I, 'All right—that settles it. Go straight on and make arrangements for your stone and brick, and do the best you can, and report to me.' So we started in on it. I went to some parties and got prices on brick."

It seems from this testimony, and it is uncontradicted, that Roche was in no sense a party to the contract with the owner. It was not made for or on his behalf. At that time, at least, the owner had in no way assented to his becoming interested in the contract. The relation between the owner of the property and O'Shea & Roche, as partners, was the same as though the brick and stone work had been sub-let to Roche alone. The owner had nothing to do with Roche or with O'Shea as to that particular part of the work, distinct from other parts of it. She had no contract with O'Shea as a partner of Roche, or as a joint contractor with him. It would not, we apprehend, be insisted that O'Shea could not, under the state of facts here shown, have enforced a lien for brick and stone work, as well as for any other material or labor furnished under his contract with the owner, in his own name. Individually he would be within the express terms of the statute,—a person contracting with the owner to furnish brick and stone work, with all other material and labor, for the erection of the building. Whether he performed the contract on his individual account, or through a firm to which he belonged, was a matter with himself. But he could not, without the consent of the owner, express or implied, transfer the contract, or any of his rights under it, to third parties. Suppose, upon the facts before us, the firm of O'Shea & Roche were attempting to maintain a lien for brick and stone work, would not the answer that they never made a contract with the owner for that work be a complete defense? Could not the owner say, "I made no contract with or on behalf of the firm of O'Shea & Roche, neither did I make a separate contract for brick and stone work?" These answers would clearly distinguish the case from *Lombard* v. *Johnson et al.* 76 Ill. 599, relied upon by appellants. There the partnership existed when the contract was made, and it was entered into for its benefit, and the action was upon the contract as originally made. In *Work* v. *Hall*, 79 Ill. 197, cited by counsel for appellee, it is expressly stated, that after

the new members came into the firm of contractors, it had a contract directly with Wilson and Work (the owners) to furnish the remainder of the material, etc. We agree with the circuit court in the view that the dealings of the ice company were with mere sub-contractors.

Perhaps a simpler way of disposing of the case is to say that the proof fails to show the parties to whom the ice company furnished the material for which it seeks to enforce a lien were contractors with the owner of the property. It is said in the opinion of the Appellate Court: "The arrangement between O'Shea and Roche was merely a method of compensation by O'Shea to Roche for his aid in the mason work; as a percentage on that part of the job." But if this be conceded as a matter of fact, the objection still remains, the bill makes no such case.

Counsel for appellee insist, that although the original contract was with O'Shea individually, yet the evidence shows that the agreement between him and Roche was afterwards recognized and acted upon by Mrs. Vandermark. But again, the bill proceeds upon no such theory. It avers broadly that the contract, not merely for the brick and stone work, but for the building, was with O'Shea & Roche. There is certainly no view of the evidence upon which it can be said that Roche became a party to the entire contract, neither is there anything in the bill or the testimony to show that Mrs. Vandermark consented that he should become a party to any part of it, or that she agreed, at any time, to a division of the contract into parts. It is impossible to see how, under the evidence, there could have been a division of it. No separate price was fixed for brick and stone work, to be paid by the owner.

We are of opinion that the decree of the circuit court is in conformity with the law as applied to the facts as they appear in this record, and that the Appellate Court erred in reversing it. It is therefore ordered that the judgment of the latter court be reversed and the decree of the circuit court affirmed.

*Judgment reversed.*