## LaCrosse Lumber Company, Appellant, v. Grace Methodist Episcopal Church of Jacksonville, Appellee.

1. MECHANICS' LIENS—*notice must state name of contractor.* Under section 24 of the Mechanics' Lien Statute a notice given to the owner of the property by the claimant for lien, which does not state that such claimant is a sub-contractor or was employed or contracted to furnish materials, and which does not state the name of the contractor with whom he contracted, or who his principal is, is invalid.

2. MECHANICS' LIENS—*church trustees.* In a suit to enforce a mechanics' lien against a church, where the trustees are joint owners with the corporation such trustees are necessary parties and must be sued and served with summons as individual trustees.

3. PLEADING—*demurrer for want of necessary parties must be special.* A demurrer for want of necessary parties, being for a matter that can be cured by amendment, should be special.

4. MECHANICS' LIENS—*statute strictly construed.* As mechanics' liens were not recognized by the common law or in equity, but exist only by statute creating them, and providing for the methods of their enforcement, such statutes must be strictly construed with reference to the requirements upon which the right depends.

5. MECHANICS' LIENS—*notice must be served on owner or agent.* To state a case for lien, the notice required by the statute must be shown to have been served on the owner or his agent.

6. MECHANICS' LIENS—*original contractor need not give notice.* Under section 5 of the Mechanics' Lien Statute, when the claimant for a lien is an original contractor, the notice to the owner, required under section 24, is not necessary.

Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed March 18, 1913.

ADAMS, BOBB & ADAMS, and J. MARSHALL MILLER, for appellant; JAMES B. WESCOTT, of counsel.

RINAKER & BEERLY, WORTHINGTON & REEVE and WILLIAM N. HAIRGROVE, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Appellant on March 11, 1911, filed a bill to foreclose a mechanic's lien in the circuit court of Morgan county, alleging that on or about June 1, 1909, Grace Methodist Episcopal Church of Jacksonville, Illinois, a religious corporation, and the Trustees of Grace Methodist Episcopal Church of Jacksonville, Illinois, were the owners of certain real estate in the city of Jacksonville; that on or about said date said Church and the Trustees of said Church entered into a contract with one John Stillwagen, whereby said Stillwagen was to furnish the material for and erect a certain church building on said property; that Stillwagen in the performance of his contract with the Church contracted with appellant whereby appellant agreed to furnish and deliver lumber at the then market prices therefor which was used in the construction of said building to the value of $3,274.98, the last delivery being on November 15, 1910, "at which time said contract between this complainant and John Stillwagen was fully completed;" that complainant caused to be filed in the office of the circuit clerk of Morgan county a verified statement of claim for mechanic's lien.

The bill further alleged that on December 12, 1910, complainant caused to be served upon the superintendent in charge of said church building and upon the proper agent of said church, a notice of a mechanic's lien, a copy of which is attached to the bill as an exhibit.

The bill concludes with a prayer for summons for "the Defendants, The Grace Methodist Episcopal Church of Jacksonville, Illinois, the Trustees of Grace

Methodist Episcopal Church of Jacksonville, Illinois, and John Stillwagen and the Illinois Steel Bridge Company, a corporation.''

Summons was returned served, ''by reading and delivering a true copy of the same to each of the within named Defendants, W. E. Veitch, President, and Stephen R. Capps, Secretary of the Board of Trustees of Grace Methodist Episcopal Church of Jacksonville, and upon W. E. Veitch, President and Stephen R. Capps, Secretary of the Board of Trustees of the Trustees of Grace Methodist Episcopal Church of Jacksonville, Illinois.''

On May 17, 1911, a general demurrer was filed to the bill by Grace Methodist Episcopal Church which was overruled and an order entered by the court consolidating this case with another suit which had been filed to enforce a mechanic's lien on the same property.

Answers were filed by the defendants, John Stillwagen and Grace Methodist Episcopal Church, replications were filed thereto by appellant and the cause was referred to a master in chancery.

At the next term of court the order of reference was set aside upon the motion of Grace Methodist Episcopal Church and John Stillwagen and leave given defendants to withdraw their answers and to file a demurrer to the bill of the LaCrosse Lumber Company, appellant.

Defendant, Grace Methodist Episcopal Church, filed a general and special demurrer on January 16, 1912, setting up as special grounds that the notice served by appellant which is attached to the bill herein as Exhibit ''B'' is not sufficient in that it does not comply with the statute. The court sustained the demurrer and dismissed appellant's bill for want of equity.

It appears from the allegations of the bill that the Trustees of Grace Methodist Episcopal Church are by the first paragraph of the bill alleged to be owners of the said real estate, together with the corporation, Grace Methodist Episcopal Church. If the Trustees of Grace Methodist Episcopal Church are joint owners

with the corporation they are necessary parties, and they are not in court. They must be sued as individual trustees and served with summons as such. They have not been so sued and have not been served except by service on the President and Secretary of the Board of Trustees which is not sufficient. They have entered no appearance, have filed no pleading and they are not named except as a body, and are not alleged to be a corporation anywhere in the bill. Grace Methodist Episcopal Church, a religious corporation is in court and the demurrer is filed by it alone and this appeal is against the Church corporation only. If the trustees hold title to the real estate then appellant's bill here is subject to a demurrer for want of necessary parties (*Granquist v. Western Tube* Co., 240 Ill. 132), but as that is a matter that could be cured by amendment, a demurrer on that ground should be special.

The notice served by appellant is as follows:—"To the Trustees of Grace Methodist Episcopal Church of Jacksonville, Illinois;—

You are hereby notified that LaCrosse Lumber Company incorporated and doing business under and by virtue of the Laws of the State of Illinois, dealers in Lumber and other building materials, have heretofore furnished from time to time lumber and other building materials as requested and called upon by your agents and employees, which said lumber and other building materials were delivered to and were used in the construction of Grace Methodist Episcopal Church building under a contract between you and one John Stillwagen and on your property at the Southwest corner of West Street and Church Street in the city of Jacksonville, Illinois, described as lot No. 29 (Twenty-nine) and part of Lot twenty-eight (28) in Block Eight (8) in Chancler's Addition to Jacksonville, Illinois, in Morgan County, Illinois, and that there is now due and owing to said LaCrosse Lumber Company for said lumber and building materials furnished as aforesaid the sum of Three Thousand Two

Hundred Seventy-four and 98-100—($3,274.98) Dollars. Dated at Jacksonville, Illinois, this 12th day of December, A. D. 1910.

LaCrosse Lumber Company, Incorporated,

By Ollie Parker, Manager."

"This 12th day of December, 1910, I received a copy of the above notice.

(Signed) Wm. C. McCullough, Supt.

December 12-10—Recd. a copy of the above, but without assuming any liability of personal sort for the Trustees of said Church.

(Signed) W. E. Veitch."

Section 24 of the Mechanics Lien Statute provides: "Sub-contractors or parties furnishing labor and materials may, at any time, after making the contract with the contractor, and shall within sixty (60) days after the completion thereof, or, if extra or additional work or material is delivered thereafter, within sixty (60) days after the date of completion of such extra or additional work or final delivery of such extra or additional material, cause a written notice of his claim and the amount due or to become due thereunder, to be personally served on the owner or his agent or architect or the superintendent having charge of the building or improvement." This section also provides that such notice shall not be required when the contractor or sub-contractor shall have given the sworn statement required by section 5 of this act. This sworn statement, as appears from the allegations of the bill was not given by the original contractor as required by section 5, hence the notice required by section 24 was necessary. Section 24 also provides that "the form of such notice *may* be as follows:" and gives the form of such notice. The notice herein does not comply with the form provided by the statute which is, "You are hereby notified that I have been employed by (the name of contractor)," whereas the notice given does not give the name of the contractor and does not state that appellant was a sub-contract-

or or was employed by any person who was an original contractor with the owners of the property upon which this lien is sought. The language of the notice is that appellant has furnished lumber, etc., "as requested and called upon by your agents and employes —under a contract between you and one John Stillwagen."

This language does not convey the information which the statute intends to have conveyed by the notice required by this section for the reason that nothing in this language gives notice to the owners of any contract between the original contractor, Stillwagen, and appellant, and does not state that appellant is a sub-contractor or, if it was a sub-contractor, who is its principal. It does not state that appellant was employed by any person to furnish materials, etc., as a sub-contractor as the statute requires. The notice is that the material furnished by appellant was furnished to the Trustees of Grace Methodist Episcopal Church, "as requested and called upon by your agents and employes" and there is no allegation that the Trustees of Grace Methodist Episcopal Church, who are not in court are the representatives of the appellee, Grace Methodist Episcopal Church.

In the case of *Schmidt v. Anderson,* 253 Ill. 29, in construing the Mechanic's Lien Law it is said; "As mechanics' liens were not recognized by the common law or in equity but exist only by virtue of statutes creating them and providing a method for their enforcement, such statutes must be strictly construed with reference to those requirements upon which the right depends." Citing *Turnes v. Brenckle,* 249 Ill. 394.

The allegations of the bill are for a lien because of material furnished by appellant as a sub-contractor. To state a case for a lien the notice to the owner required by the statute must be served on the owner or his agent. The notice served in this cause as alleged in the bill is that appellant was an original contractor;

a case where no notice is required. The bill alleges that appellant was a sub-contractor under the original contractor John Stillwagen. The form of notice given in the statute requires that the sub-contractor shall state the name of the party who contracted with the sub-contractor. That is a very material part of the notice. The notice described in the bill does not state that appellant was employed by the original contractor or by any contractor to furnish material, but only that appellant furnished material at the request of "your agents and employes," and the word "your" refers to the trustees, not the corporation. The notice set out in the bill will not sustain a claim for a lien in favor of appellant as a sub-contractor. The demurrer was properly sustained and the decree is affirmed.

*Affirmed.*