(No. 21944.—)

THE ALEXANDER LUMBER COMPANY *et al.* Appellees, *vs.*
JOHN C. COBERG, Appellant.

*Opinion filed February 23, 1934—Rehearing denied April 10, 1934.*

CHURCH, HAFT, ROBERTSON, CROWE & SPENCE, for
appellant.

HADLEY, WEAVER & WOODWARD, and MICHAEL KROSS,
(CHARLES W. HADLEY, PALMER LEREN, and WILLIAM C.
ATTEN, of counsel,) for appellees.

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

This case requires us to construe section 23 of the Mechanic's Lien act, and is here by reason of a certificate of importance granted by the Appellate Court for the Second District.

The pertinent facts as found by the master in chancery and approved by the circuit court of DuPage county and the Appellate Court are not in dispute.

In April, 1928, the board of education of school district No. 46, DuPage county, entered into a written contract with the appellant, John C. Coberg, for the construction of a building referred to as the Washington school for the sum of $93,810. In July, 1928, the same board entered into another written contract with appellant for the erection of a second building, known as the Hawthorne school, for the sum of $27,275. The contracts provided that appellant should provide all work, including labor and all material for the masonry, carpentry, roofing, sheet metal, lathing, plastering, painting and glazing. In the same month appellant by verbal contract sub-let a portion of the contract for the Hawthorne school to W. C. McDonald, who agreed to furnish all labor and material for carpenter work, for caulking of windows, and glass, and to furnish black-boards, for a consideration of $7950. McDonald abandoned his contract in February, 1929, and the work was subsequently finished by appellant, who had overpaid McDonald under his contract. In July, 1928, McDonald entered into a verbal contract with appellee the Hammerschmidt & Franzen Company for the required millwork at an agreed price of $2050. The material called for under this contract was manufactured, delivered to and incorporated in the Hawthorne building during January, 1929. The contract price for this material lacked $1433.33 of being paid in its entirety. In September, 1929,

the company served a notice of claim for lien on the funds remaining in possession of the school board. This notice was addressed to the school board and served upon its secretary. At that time the school board retained a balance of $2062.17 due upon the contract of appellant for the erection of the Hawthorne school.

In May, 1928, appellant by written contract sub-let to McDonald a portion of the contract for construction of the Washington school. McDonald agreed to furnish all material and perform all work, including the carpentry work, black-boards, cork-boards, glass, glazing and rough hardware, in accordance with a contract between appellant and the school board, for the consideration of $22,035. McDonald abandoned this work in February, 1929, and it was subsequently finished by appellant, who had overpaid McDonald under his contract. In May, 1928, McDonald entered into a verbal contract with appellee the Alexander Lumber Company for the building materials needed in both the Washington and Hawthorne schools. Material was delivered under this contract for the Washington school, starting in September, 1928, and ending in February, 1929. The agreed price for this material, all of which was used in the building, was $42,602.28. On this contract there is now due the Alexander Lumber Company the sum of $1583.62. Delivery under McDonald's contract to the Hawthorne school started in October, 1928, and ended in February, 1929. The agreed price for this material, all used in the building, was $1381.72. On this contract there is now due the Alexander Lumber Company the sum of $565.05.

In February and September, 1929, the Alexander Lumber Company served notices of claims for liens on funds in possession of the school board remaining unpaid to appellant or McDonald for the construction of the Washington and the Hawthorne schools. The notices were addressed

to the board and served upon it by delivering copies to its secretary. In September, 1929, the board had in its possession a balance of $1869.46 due appellant on the Washington school contract and $2062.17 due him on the Hawthorne school contract. Subsequent to February 5, 1929, appellant verbally promised to pay for the material delivered by the Alexander Lumber Company to McDonald. That promise was subsequent to the delivery of all of the material by that company for both schools. The consideration for this verbal promise was that the Alexander Lumber Company would take no further steps for the enforcement of its claim of lien against the funds then remaining in the hands of the school board and due appellant. The master found that the Alexander Lumber Company was entitled to recover from appellant the balances due for materials to construct the two schools, but that the trial court had no jurisdiction in the present proceeding to enter a personal judgment against appellant for the sum of those balances.

The Alexander Lumber Company filed its bill of complaint in September, 1929, against appellant seeking to enforce its claim of lien. The Hammerschmidt & Franzen Company by leave of court intervened. Appellant answered the original bill of complaint and the intervening petition, saying that the Alexander Lumber Company was not entitled to a lien upon the funds in possession of the school board because the statutes of this State do not give to a person furnishing materials to a sub-contractor a lien upon funds due to the contractor. The school board filed a petition in the nature of a bill of interpleader and was allowed to turn the sum of $3931.63 into court and be dismissed from the action. The trial court sustained the master's report and entered a decree dismissing the bill for want of equity and directed that the money deposited in court by the school board be paid to appellant. The Appellate Court, on appeal, reversed the decree of the trial court, with di-

rections to it to enter a decree holding that the two appellee companies were entitled to a lien upon the moneys to the extent of their respective proved claims.

The pertinent part of section 23 is: "Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor having a contract for public improvement for any county, township, school district, city or municipality in this State, shall have a lien on the money, bonds or warrants due or to become due such contractor under such contract: *Provided,* such person shall, before payment or delivery thereof is made to such contractor, notify the official or officials of the county, township, school district, city or municipality whose duty it is to pay such contractor of his claim by a written notice: *And, provided further,* that such lien shall attach only to that portion of such money, bonds or warrants against which no voucher or other evidence of indebtedness has been issued and delivered to the contractor by or on behalf of the county, township, school district, city or municipality as the case may be at the time of such notice." In construing this section it is the duty of the court to ascertain the legislative intent, (*Decatur Lumber Co.* v. *Crail,* 350 Ill. 319,) and in so doing we must accept the plain language of the section as it is written. (*People* v. *Stewart,* 281 Ill. 365.) It is the prime duty of the judicial interpreter to clothe the language of the legislature with its plain and natural meaning. (*Armour & Co.* v. *Industrial Board,* 275 Ill. 328.) Mechanics' liens are purely statutory. They were unknown to the common law or to equity, and this court has uniformly held that statutes creating such liens must be strictly construed. (*Hoier* v. *Kaplan,* 313 Ill. 448.) The lien should be enforced when the party brings himself within the provisions of the statute, but it should not be extended to cases not provided for by the language of the act even though they may fall within its reason. *Provost* v. *Shirk,* 223 Ill. 468.

It is principally contended by appellant that section 23 does not give a lien to one more remotely removed from the contractor than the one who contracts with him—the sub-contractor—and that appellees, being sub-sub-contractors, who had no dealings with the contractor, do not come within the purview of the statute. On the other hand, appellees rely largely upon a liberal construction of the statute and upon the fact that they having furnished materials which became a constituent part of the buildings erected, are entitled to liens upon the funds possessed by the school board.

Section 23 only has to do with the establishment of liens upon specific funds of municipalities. The other sections of the Mechanic's Lien act do not deal with municipalities and liens upon their funds, consequently there is an absence of relationship between section 23 and the rest of the act. (*Alexander Lumber Co.* v. *Farmer City,* 272 Ill. 264.) Invoking the cited rules of construction, this court has held that section 23 affects the contractor who owes money to the person furnishing materials, and that the lien given by section 23 is solely against the fund due from the municipality to the contractor. (*Standard Oil Co.* v. *Vanderboom,* 326 Ill. 418; *McMillan* v. *Casey Co.* 311 id. 584; *Alexander Lumber Co.* v. *Farmer City, supra.*) Other sections of the act having to do with remedies for the enforcement of liens do not apply to a lien created by section 23. *National Bank* v. *Petterson,* 200 Ill. 215.

In *Schaeffer* v. *Burnett,* 221 Ill. 315, we held that "in the construction of statutes it is within the province of courts to determine, from the words used, what was intended by the legislature, and in so doing resort may be had to former and other existing laws." Following this rule of construction and resorting to other sections of the Mechanic's Lien act, we find (sec. 1) that a contractor is the person who contracts with the owner, and (sec. 21) that a sub-contractor is one who furnishes materials or labor

to the contractor. Resorting to section 2 of the Railroad Lien act, (Smith's Stat. 1931, chap. 82, par. 50,) this court held in the case of *Cairo and St. Louis Railroad Co.* v. *Watson,* 85 Ill. 531, that the one furnishing materials to a sub-contractor acquired no lien. Section 23 under consideration and section 2 of the Railroad Lien act are substantially the same. Section 23 gives the person furnishing materials to any contractor who has a contract for a public improvement with any municipal corporation in this State, a lien on the money, bonds or warrants. due or to become due such contractor. No rights of the school board or other municipal body are prejudiced or infringed upon, but the person affected is the contractor who owes the money to the person furnishing the materials. In *Mc-Millan* v. *Casey Co. supra,* we said: "A reference to the first part of section 23 shows that the act entitling a person to a lien is the act of furnishing to the contractor having a contract the items mentioned."

By reference to the relevant part of section 23 we find that the legislature has specifically mentioned only three parties: First, the municipality; second, the contractor; and third, the "person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor having a contract for public improvement," etc. Nowhere does a pertinent part of the section contain any language including materialmen, such as were the appellees here, who furnished materials to a sub-contractor. The language used by the legislature is plain, specific and not all-inclusive. Under the authorities cited, and the well known rule that the expression of one thing is the exclusion of all others, this court has no right to read into this section words not found therein.

In view of what we have said in disposing of the first point made by appellant, no necessity exists for deciding whether or not the notice of claim of lien served upon the secretary of the school board was sufficient under section 23.

The foregoing expressions are identical with those of an opinion adopted by this court at its last October term and on which a rehearing was granted at our December term, 1933. So far as the above described matters are concerned we adhere to our former opinion that the circuit court correctly decided the issues and that its decree should be affirmed. A rehearing was allowed, however, in order that the cause might be remanded to the Appellate Court to dispose of the question of personal liability of Coberg—an assignment of error which it did not deem necessary to pass upon in its former opinion. Regardless of how this court might decide this question it is not before us, since the only matter before us for review is the judgment of the Appellate Court.

The judgment is reversed and the cause is remanded to the Appellate Court for consideration of the question of the personal liability of Coberg. *Reversed and remanded.*