A.Y. McDONALD MANUFACTURING COMPANY, Plaintiff-Appellant, v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *et al.*,
Defendants-Appellees.

Fourth District   No. 4—91—0255

Opinion filed February 13, 1992.

John T. Pratt, of Pratt & Pratt, P.C., of Bloomington, for appellant.

Jeffrey Alan Ryva, of Husch & Eppenberger, of Peoria, for appellees.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On October 13, 1987, plaintiff A.Y. McDonald Manufacturing Company brought suit in the circuit court of McLean County pursuant to the Mechanics Liens Act (Act) (Ill. Rev. Stat. 1989, ch. 82, par. 1 *et seq.*) seeking to foreclose a mechanic's lien against property owned by defendant State Farm Mutual Automobile Insurance Company (State Farm). Also named as defendants were the general contractor and various subcontractors involved in a contract for the improvement of real estate belonging to State Farm. Plaintiff filed a motion for a summary judgment determining it had a valid lien against State Farm. Plaintiff did not request a determination as to the amount of the lien. Defendants filed motions requesting a summary judgment against plaintiff in bar of action. After a hearing, the court entered an order on March 8, 1991, denying plaintiff's motion and entering judgment in bar of action against plaintiff and in favor of all defendants.

The circuit court concluded that plaintiff's claim for lien was invalid because the notice which it had given State Farm pursuant to section 24 of the Act (Ill. Rev. Stat. 1989, ch. 82, par. 24) was inadequate for failure to name the party (subcontractor) with which plaintiff had contracted. Plaintiff has appealed maintaining the court erred in ruling its notice was insufficient in form. Plaintiff also disputes the other grounds which defendants maintain support the summary judgment for them. These claims are that (1) the service of the foregoing notice was insuffi-

cient and untimely; (2) the Act does not provide lien rights to a third-tier subcontractor; and (3) any lien plaintiff might otherwise have was defeated because nothing was due to the subcontractor with whom it had contracted. We agree with plaintiff and reverse and remand with directions to enter a summary judgment determining that plaintiff has a valid lien against the premises involved and to proceed with the case from that point.

Summary judgment shall be granted when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) This is an appropriate case for entry of a summary judgment as the issues concern conclusions of law arising from undisputed facts which we now set forth.

State Farm entered into a contract with defendant Mellon-Stuart Company (general contractor) for construction of major improvements on State Farm's property in Bloomington, Illinois. The general contractor entered into a subcontract with defendant Natkin and Company, the first subcontractor (Natkin). Natkin then entered into a contract with defendant Pioneer Sheet Metal, the second subcontractor (Pioneer). Pioneer then entered into a contract with plaintiff, the third subcontractor, for plumbing materials and supplies for use on State Farm's project.

Between July 7, 1986, and February 4, 1987, plaintiff supplied plumbing materials which were incorporated into improvements on State Farm's property. On February 5, 1987, Natkin terminated its contract with Pioneer, allegedly due to the latter's breach of its subcontract. On February 19, 1987, plaintiff recorded its statement of claim for lien as required by section 28 of the Act (Ill. Rev. Stat. 1989, ch. 82, par. 28). It then sent a copy of that document to State Farm by regular mail. In pertinent part, that document stated:

> "[McDonald] *** claims a mechanic's lien for (1) materials in and about the improvement of the following described real estate ***. Which said real estate at the time of making of the contract hereinafter mentioned was, and now is, owned by State Farm Mutual Automobile Insurance Company. That on the 7th day of May, A.D. 1986, claimant and said owner and its agents entered into contract which was (2) not in writing, wherein it was provided that claimant should (3) provide materials and supplies in the construction of improvements and structures on the above-described premises on an open account on said above described real estate, and that said owner or its agent should pay claimant therefor the sum of [$38,642.32] ***.''

State Farm acknowledged receipt of this document.

■ Plaintiff's first two contentions concern the question of whether, by sending the foregoing document to State Farm, it complied with the requirements of section 24 of the Act, which provides as follows:

> "Sub-contractors, or party furnishing labor or materials *** shall *** cause a written notice of his or her claim and the amount due or to become due thereunder, to be sent by registered or certified mail, with return receipt requested, and delivery limited to addressee only, to or personally served on the owner of record or his agent or architect ***. ***
>
> The form of such notice may be as follows: To (name of owner): You are hereby notified that I have been employed by (the name of contractor) to (state here what was the contract or what was done, or to be done, or what the claim is for) under his or her contract with you, on your property at (here give substantial description of the property) and that there was due to me, or is to become due (as the case may be) therefor, the sum of $....."

Ill. Rev. Stat. 1989, ch. 82, par. 24.

The circuit court's conclusion that the foregoing notice was invalid for failure to name the contractor with whom the plaintiff had contracted was based in part upon the decision in *LaCrosse Lumber Co. v. Grace Methodist Episcopal Church* (1913), 180 Ill. App. 584. That case involved a subcontractor's notice to the owner of a claim for lien under statutory language substantially the same as that in the current section 24 of the Act. (See Ill. Rev. Stat. 1909, ch. 82, par. 38.) In holding that a notice which failed to name the contractor was invalid, that court stated that the name of the contractor was "a very material" part of the requirements of notice to owners. *LaCrosse*, 180 Ill. App. at 590.

Plaintiff argues the statutory requirements of section 24 are that notice (1) be in writing, (2) contain the name of the claimant, (3) specify the amount due, and (4) be delivered to the owner of record—all elements with which its notice complied. (See Ill. Rev. Stat. 1989, ch. 82, par. 24.) Defendants implicitly acknowledge that as *LaCrosse* is an appellate opinion issued prior to 1935, it is not authoritative precedent. See *Hughes v. Medendorp* (1938), 294 Ill. App. 424, 427-28, 13 N.E.2d 1015, 1017; *United Mine Workers of America Union Hospital v. United Mine Workers of America District No. 50* (1972), 52 Ill. 2d 496, 499, 288 N.E.2d 455, 457.

Defendants assert *Hill Behan Lumber Co. v. Irving Federal Savings & Loan Association* (1984), 121 Ill. App. 3d 511, 459 N.E.2d 1066, rejuvenates *LaCrosse* as authoritative precedent. While *Hill Behan* cites

to the pages in *LaCrosse* addressing omission of the contractor's name, the specific defects leading to failure of the section 24 notice in that case are not set forth. Therefore, *Hill Behan* does not expressly adopt the *LaCrosse* interpretation of the content of notice required by section 24.

Defendants argue the legislature may have intended that a claimant's contracting party be named in order to inform owners of where claimants "fit" in the overall construction scheme, particularly where different lines of subcontractors are responsible for different portions of the project. This would afford the owner a means of identifying the area of the project from which the claim arises.

However, we note that section 24 notice is not the only basis under the statutory scheme for advising the property owner of where all subcontractors fit within the construction project. Section 5 of the Act imposes an affirmative duty on the property owner, prior to payment of any monies due the contractor, to "require" the contractor to submit a verified written statement of sums due "all parties furnishing materials and labor." (Ill. Rev. Stat. 1989, ch. 82, par. 5.) State Farm admits that it failed to obtain this section 5 statement, which would have independently apprised it of plaintiff's "fit" in the construction project without resort to the section 24 notice, which is required only when a claim for lien arises. Any disadvantage occasioned by omission of the contracting party's name in the lien notice was reinforced by State Farm's failure of its statutory duty to obtain the statement prior to payment to its general contractor.

Notably, section 24 makes no express provision requiring that the name of the contractor with whom the claimant subcontractor dealt be set forth in the notice. Rather, the legislature opted to state that the notice "may" be in a form which names that contractor. When the General Assembly intends to impose a mandatory duty, the word "must" is often used. Although the word "shall" sometimes is interpreted to be mandatory (see *Village of Park Forest v. Fagan* (1976), 64 Ill. 2d 264, 268, 356 N.E.2d 59, 62; *Cooper v. Hinrichs* (1957), 10 Ill. 2d 269, 272, 140 N.E.2d 293, 295), the word "may" means "must" or "shall" only in cases where the public interest and rights are concerned and where the public or third persons have a claim *de jure* that the power should be exercised, or where it is necessary to so construe it to carry out the intention of the legislature. (See *Boddiker v. McPartlin* (1942), 379 Ill. 567, 578, 41 N.E.2d 756, 761 (and case cited therein); *Foutch v. Zempel* (1928), 332 Ill. 192, 199, 163 N.E. 546, 549-50 (and cases cited therein); *In re Marriage of Freeman* (1985), 106 Ill. 2d 290, 298, 478 N.E.2d 326, 329.) Particularly in view of the protection given owners by section 5 of the Act, we see no reason to construe the provisions of section 24 in

regard to the form of notice such that "may" be used as being mandatory.

■ Case law has required strict construction of the Act but generally this has applied to substantive provisions of the Act. (See, *e.g.*, *Malkov Lumber Co. v. Serafine Builders, Inc.* (1971), 1 Ill. App. 3d 543, 273 N.E.2d 654.) Section 39 of the Act provides that "[t]his Act is and shall be liberally construed as a remedial act." (Ill. Rev. Stat. 1989, ch. 82, par. 39.) Accordingly, we hold the notice given by plaintiff to State Farm was not invalid for failing to name the party with which plaintiff had contracted.

■ State Farm argues that even if the content of the notice is sufficient, it fails to comport with the timing requirements of section 28 of the Act (Ill. Rev. Stat. 1989, ch. 82, par. 28) in that notice did not precede recording of the lien by 10 days. Under this analysis, since plaintiff both recorded its lien and sent a copy thereof on the same date, notice was insufficient because it did not precede recording by 10 days. This argument is without merit. Section 28 of the Act addresses the requirements for the recording and enforcement of liens and not notice. (Ill. Rev. Stat. 1989, ch. 82, par. 28.) It does not require that section 24 notice predate recording by 10 days but rather that a claim for lien or a complaint to enforce a lien may be filed 10 days after notice if payment has not been made. Plaintiff filed its lien and sent notice to State Farm on February 19, 1987. It then filed its complaint to enforce its lien on October 13, 1987, more than 10 days after notice to State Farm. Therefore, plaintiff has complied with section 28 of the Act. Section 24 does not impose any timing requirements for the giving of notice *vis-a-vis* recording of the lien.

■ State Farm next argues that service of the notice by regular mail does not comport with the statutory requirement of delivery by certified or registered mail, return receipt requested, limited to the addressee only. Citing *Watson v. Auburn Iron Works, Inc.* (1974), 23 Ill. App. 3d 265, 318 N.E.2d 508, the trial court specifically found that regular mailing would satisfy the statutory requirements of notice where, as here, actual receipt of notice is acknowledged. The *Watson* court found that failure to limit delivery to the addressee only did not result in a lack of notification and did not invalidate the claim of lien. (*Watson*, 23 Ill. App. 3d at 272-73, 318 N.E.2d at 514.) Similarly, in *Matthews Roofing Co. v. Community Bank & Trust Co.* (1990), 194 Ill. App. 3d 200, 550 N.E.2d 1189, a notice of claim addressed to plaintiff's attorney was found effective even though the return receipt was signed by someone other than the addressee.

"Illinois courts have interpreted the strict requirements of notice by examining how effectively a party did in fact notify the other side rather than simply basing rights solely on whether every phase of the statute was followed in exact detail." *Matthews*, 194 Ill. App. 3d at 205, 550 N.E.2d at 1193.

In the case at bar statutory notice was delivered to State Farm by regular mail and State Farm has acknowledged actual receipt. The circuit court correctly ruled that the manner of service, in view of defendants' acknowledged receipt of notice, satisfied the requirements of section 24 of the Act.

■ State Farm next argues that even if the notice provisions of section 24 have been met, the Act does not extend lien rights to third-tier subcontractors like plaintiff. State Farm did not raise this issue before the trial court, but since State Farm stands in the position of appellee, and the factual basis for the contention was before the circuit court, it is properly raised on appeal. See *Shaw v. Lorenz* (1969), 42 Ill. 2d 246, 246 N.E.2d 285.

State Farm contends that although section 21 of the Act extends lien rights to first-tier subcontractors who work "for the contractor" (Ill. Rev. Stat. 1989, ch. 82, par. 21) and section 22 extends those rights to second-tier subcontractors (Ill. Rev. Stat. 1989, ch. 82, par. 22), there is no provision enlarging the scope of persons entitled to the statutory protection to those of more remote degree. State Farm cites the rule that since the Act is in derogation of the common law, its terms must be strictly construed. (*North Side Sash & Door Co. v. Hecht* (1920), 295 Ill. 515, 129 N.E. 273.) State Farm also cites *Schaar & Koch v. Knickerbocker Ice Co.* (1894), 149 Ill. 441, 37 N.E. 54, wherein our supreme court determined that lien rights were not available to second-tier subcontractors under the then-existing statutory scheme. However, the 1903 version of the Act superseded all prior enactments (see Ill. Ann. Stat., ch. 82, par. 24 (Jones & Addington, 2d Supp. 1903)); laws affecting mechanic's liens in effect in 1894 (Starr & Curtis' Ann. Stat., Supp. 1892, ch. 82, par. 29) (which State Farm did not cite) have no application to current statutory requirements.

Section 21 of the Act provides in pertinent part as follows:

"Subject to the provisions of section 5, every mechanic, worker or other person who [1] shall furnish any materials, apparatus, machinery or fixtures, or [2] furnish or perform services or labor *for the contractor*, or [3] shall furnish any material to be employed in the process of construction as a means for assisting in the erection of the building or improvement in what is commonly termed form or form work where concrete, cement or like mate-

rial is used in whole or in part, shall be known under this act as a sub-contractor, and shall have a lien for the value thereof ***." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 82, par. 21.

State Farm has misconstrued the provisions of section 21 of the Act and failed to distinguish the clause modified by the language "for the contractor" from the preceding clause. Section 21 of the Act provides for three distinct categories of potential lien claimants, each of whom is designated a "sub-contractor": (1) persons furnishing material or machinery, (2) persons furnishing services or labor for the contractor, and (3) suppliers of materials used in concrete form work.

As plaintiff has furnished plumbing materials incorporated in the construction project on State Farm's property, it is deemed a subcontractor under the provisions of section 21. The scope of persons supplying materials and entitled to the statutory protection is not expressly limited to those in direct contractual relation with the original contractor so as to exclude second-tier subcontractors supplying materials or those, like plaintiff, in the third or still more remote degree.

Other sections of the Act support this construction. As we have indicated section 5 of the Act requires the owner to obtain from the contractor a written statement of "all parties furnishing materials and labor." (Ill. Rev. Stat. 1989, ch. 82, par. 5.) Section 22 of the Act extends lien rights to second-tier subcontractors who furnish labor or materials when the contractor has subcontracted a portion of his contract to a subcontractor. (Ill. Rev. Stat. 1989, ch. 82, par. 22.) The provision of section 21 of the Act which confers a lien upon those furnishing material for "form work" makes no distinction between furnishing those materials to a general contractor or a subcontractor of any tier. In construing the Act as a whole there appears no legal reason for arbitrary line drawing so as to cut off subcontractors like plaintiff who furnish materials used to improve realty based on degrees of remoteness from privity with the contractor. Therefore, we hold that third-tier subcontractors, such as plaintiff, if they comply with the other provisions of the Act, are afforded lien rights under section 21.

■ State Farm last argues that even if plaintiff is within the scope of subcontractors entitled to lien rights, its recovery is limited to the amount owed by Natkin to Pioneer, its immediately preceding subcontractor. State Farm claims that since Pioneer defaulted and is owed nothing, plaintiff has no valid mechanic's lien. Plaintiff argues that its lien is not limited to sums due Pioneer, and, in any event, the question of whether Pioneer is owed anything under its contract with Natkin is still at issue.

In support of its view State Farm cites *Koenig v. McCarthy Construction Co.* (1951), 344 Ill. App. 93, 100 N.E.2d 338, wherein the lien of a subcontractor was limited to sums due the defaulting subcontractor with whom it had contracted, and *Gunther v. O'Brien Brothers Construction Co.* (1938), 369 Ill. 362, 16 N.E.2d 890, wherein the subcontractor's lien was limited to sums due the defaulting contractor at the time of default. In both cases, a lien was imposed against public funds under a contract for public improvements pursuant to section 23 of the Act. As other sections of the Act do not deal with liens against public funds, but rather liens against private property, there is an absence of relationship between section 23 and the rest of the Act. *Alexander Lumber Co. v. Coberg* (1934), 356 Ill. 49, 54, 190 N.E. 99, 101.

Much more in point is the decision in *Brady Brick & Supply Co. v. Lotito* (1976), 43 Ill. App. 3d 69, 356 N.E.2d 1126. There, the circuit court permitted a subcontractor furnishing material to a general contractor to foreclose a mechanic's lien against the property being improved under a contract with the owner. The beneficial owners of the property, which was subject to a trust, and the general contractor got into a dispute and the general contractor refused to do further work and failed to make payments to the subcontractor seeking the lien. On appeal, the owners argued that the duty to pay the claimant was on the general contractor who had contracted with the claimant. In affirming, the appellate court responded to that argument by noting that the owners ignored "the fact this is a mechanics' lien case" and stated:

> "It was precisely for this type of situation that the Mechanics' Liens Act was enacted, to protect materialmen, who in good faith furnish materials for the construction of a building and to allow the materialman to collect his bill from the owner via a mechanic's lien foreclosure suit, when the contractor, subcontractor, and or owner fail to pay the materialman." *Brady*, 43 Ill. App. 3d at 72, 356 N.E.2d at 1129-30.

The *Brady* court further noted that an owner does have statutory protection that generally prevents the owner from being required by the Act to pay out to the general contractor and subcontractors more than the contract price. There, the owners were being required to pay out a total of $26,750 when the contract price with the general contractor was only $21,000. There, as here, however, the owners had made payments to the general contractor in violation of the provisions of section 5 by failing to require from the contractor the verified statement of parties furnishing materials and labor, prior to making those payments. The court explained that "if the owner makes any payments to the original contractor which are in violation of the rights of any subcontractor, then

as to such person, such payments are wrongfully made, and the owner is not entitled, in his controversy with that person, to any credit for those payments." *Brady*, 43 Ill. App. 3d at 73, 356 N.E.2d at 1130.

State Farm maintains *Brady* is inapplicable here because it is not claiming plaintiff's claim is limited by the amount to be paid under the general contract. Rather, State Farm asserts, it is contending plaintiff's claim is limited by the amount due Pioneer from Natkin after Pioneer had defaulted. We do not agree with this argument. By the statement of its argument, State Farm acknowledges it is not relying upon the amount it agreed to pay its general contractor to limit its obligation, if any, to plaintiff. No other ceiling is placed by the Act upon an amount an owner may have to pay to unpaid subcontractors. The major thrust of the *Brady* decision was that the claimant there was required to be paid on its claim when the contractor in the tier above it, with which it had contracted, refused to pay. The court then went on to state that the owners would still have been protected against being required to make payment above the contract price had it complied with section 5 of the Act. Here, as under *Brady*, plaintiff only need show that it has furnished materials pursuant to contract which were used in the building of the improvement and that the subcontractor for which it furnished the material had failed and refused to pay.

As we have indicated, we reverse the judgment of the circuit court granting judgment to defendants as to plaintiff's request for foreclosure of a lien and denying plaintiff's motion for summary judgment against State Farm. We remand the cause to the circuit court of McLean County with directions to enter a summary judgment for plaintiff against State Farm decreeing the existence of a mechanic's lien against the premises alleged. The circuit court shall then proceed to determine the amount of the lien and to proceed further as may be appropriate.

Reversed and remanded with directions.

STEIGMANN and KNECHT, JJ., concur.