STRUEBING CONSTRUCTION COMPANY, INC., Plaintiff-Appellee, v. GOLUB-LAKE SHORE PLACE CORPORATION *et al.*, Defendants-Appellants (Golub and Company-680 *et al.*, Defendants).

First District (4th Division)    No. 1—94—2005

Opinion filed June 6, 1996.—Rehearing denied June 24, 1996.

690

Beermann, Swerdlove, Woloshin, Barezky, Becker, Genin & London, of Chicago (Alvin R. Becker and Christopher A. White, of counsel), for appellants.

Kathryn E. Korn, of DiLeonardi & Broihier, Ltd., of Des Plaines, for appellee.

JUSTICE THEIS delivered the opinion of the court:

This case involves a second-tier subcontractor's mechanic's lien claim against a private owner of a leasehold interest. It is undisputed that the second-tier subcontractor completed certain improvements on the subject property but never received payment for its work. Thus, the circuit court entered a judgment in favor of the lien claimant. On appeal, the defendants challenge the amount of the lien awarded. The circuit court arrived at the figure based on the sum of wrongful payments made by the private owner after it received notice of the second-tier subcontractor's claim pursuant to section 24 of the Mechanics Lien Act (Act) (770 ILCS 60/24 (West 1992)). The defendants contend that the amount of the judgment should have been limited to the amount owed to the claimant's immediate subcontractor at the time of notice. In support of their contention, the defendants primarily rely on cases construing mechanics' lien claims against public funds under section 23 of the Act. Because this

case concerns section 21, we find cases discussing section 23 immaterial and hold that the circuit court properly awarded a judgment based on the sum of wrongful payments made by the private owner following formal notice of the lien claim. We affirm.

On June 17, 1991, the plaintiff, Struebing Construction Co., Inc. (Struebing), brought an action to foreclose on its mechanic's lien against Golub-Lake Shore Place Corp., Golub & Co.-680, Inc. (Golub entities), American National Bank & Trust Company (American National Bank), Playboy Enterprises, Inc. (Playboy), Ben A. Borenstein & Co. (BABCO) and Bank Building & Equipment Corporation of America, and unknown owners and lien claimants. Playboy was the tenant and owner of the leasehold interest at 680 North Lake Shore Drive in Chicago, Illinois. The lawsuit stemmed from Playboy's written construction contract with BABCO for certain improvements on its offices. BABCO entered into a written subcontract with Loughman, a division of Bank Building & Equipment Corporation of America (Loughman). In turn, Loughman entered into an oral subcontract with Struebing for carpentry work at the Playboy offices. Struebing alleges that the Golub entities and American National Bank have an interest in the 680 North Lake Shore Drive property as lien creditors, tenants, judgment creditors, trustees or otherwise.

In September of 1994, the circuit court heard the testimony of three witnesses: (1) Lee H. Struebing, president of Struebing Construction Co., Inc., (2) W.M. McClain, BABCO's project manager for the Playboy construction project, and (3) Jason Sharps, an officer, director and shareholder in BABCO. The court also reviewed several documents submitted by the parties. On April 4, 1994, the court made the following specific findings of fact.

The court found that in August of 1989, Struebing commenced work on the Playboy office project. On October 11, 1989, Struebing submitted a request for partial payment to Loughman, as well as a request for partial waiver of a lien. Thereafter, Struebing sent detailed monthly statements to Loughman requesting payment. Although Loughman had received several payments from BABCO, it never paid Struebing for its work on the project.

The court further found that Loughman failed to list Struebing as one of its subcontractors on the section 5 affidavit submitted to BABCO pursuant to the Mechanics Lien Act. 770 ILCS 60/5 (West 1992). Nonetheless, the court determined that both Playboy and BABCO had actual notice of Struebing's role in the project.

On March 7, 1990, Struebing completed performance under the terms of its oral contract with Loughman, as well as additional work authorized by both BABCO and Loughman. None of the parties

disputed the quantity or quality of Struebing's work. Then, in the spring of 1990, Loughman filed for bankruptcy. On June 1, 1990, Struebing notified Playboy of its mechanic's lien claim for $153,250 for improvements made to its offices. The circuit court determined that Struebing's notice to Playboy and BABCO was timely for purposes of section 24 of the Act. 770 ILCS 60/24 (West 1992).

The court further determined that after Playboy received notice of Struebing's lien claim, it made three payments to BABCO for $23,456, $49,047 and $76,205, totaling $148,708. On April 4, 1994, the court entered a judgment for Struebing in the amount of $148,708, finding that Playboy's payments to BABCO were wrongful because they were made after Playboy received notice of Struebing's lien claim.

On appeal, Struebing challenges this court's jurisdiction on the grounds that the defendants' notice of appeal is defective. The notice of appeal filed on June 15, 1994, designated the court's May 17, 1994, order denying their post-judgment motion for modification. The defendants mistakenly failed to include the underlying April 4, 1994, order granting a judgment in favor of Struebing.

On July 6, 1994, the defendants filed a motion for leave to file an amended notice of appeal to specify the final judgment dated April 4, 1994, citing to Supreme Court Rule 303(d). 134 Ill. 2d R. 303(d). In its motion, the defendants maintained that they inadvertently failed to include the April order in their notice of appeal. The plaintiff filed an objection, arguing that the defendants failed to state a reasonable excuse for failure to file a notice of appeal on time. 134 Ill. 2d R. 303(e).

■ Under Supreme Court Rule 303, we have discretion to determine whether we should permit the defendants to file an amended notice of appeal. Because we find the present circumstances sufficiently analogous to those in *Bank of Herrin v. Peoples Bank*, 105 Ill. 2d 305, 473 N.E.2d 1298 (1985), we grant the defendants' motion to amend their notice of appeal. Therefore, we have jurisdiction to review this appeal.

Turning to the merits of the case, the defendants contend that, as a matter of law, Struebing's lien rights extend only to the amount due its immediate contractor, Loughman, as of the June 1, 1990, notice to Playboy and BABCO. They maintain that *Koenig v. McCarthy Construction Co.*, 344 Ill. App. 93, 100 N.E.2d 338 (1951), lends support to their argument.

In *Koenig*, the court held that the lien of a subcontractor was limited to sums due to the defaulting contractor. The defendants acknowledge that in *Koenig* a lien was imposed against public funds

under section 23 of the Act pursuant to a contract for public improvements, while the present case concerns a lien claim against private property and funds under section 21. Nonetheless, they argue that we should adopt *Koenig*'s analysis, directing us to review *Season Comfort Corp. v. Ben A. Borenstein & Co.*, 281 Ill. App. 3d 648.

The plaintiff in *Season Comfort* brought a lien claim against a private owner. The court there followed *Koenig* without explanation or analysis. The court in *Season Comfort* did not discuss section 24 of the Mechanics Lien Act nor did it address the effect of wrongful payments made by the owner after it received notice of the lien claim. For this reason and those that follow, we part company with *Season Comfort*'s bare assertion that the amount of a claimant's lien necessarily is limited to amounts owed to its immediate subcontractor. The two cases relied upon by the *Season Comfort* court concern section 23 of the Mechanics Lien Act, which specifically applies to the enforcement of a lien against a public entity. *Decatur Housing Authority v. Christy-Foltz, Inc.*, 117 Ill. App. 3d 1077, 454 N.E.2d 379 (1983); *Koenig*, 344 Ill. App. 93, 100 N.E.2d 338. We conclude that cases construing mechanics' liens in a public improvement scenario do not apply with equal force to section 21 cases, which pertain to private owners.

■ Section 21 of the Mechanics Lien Act provides unpaid subcontractors with a lien against amounts owed by the owner to the general contractor, as well as the private owner's improved real estate. 770 ILCS 60/21 (West 1992). In contrast, section 23 merely provides a subcontractor with a claim against public funds.

Courts have recognized that section 23 is the only section of the Act that governs the preservation and enforcement of liens on public funds. *Alexander Lumber Co. v. Coberg*, 356 Ill. 49, 54, 190 N.E. 99, 101 (1934); *Aluma Systems, Inc. v. Frederick Quinn Corp.*, 206 Ill. App. 3d 828, 564 N.E.2d 1280 (1990). The remaining sections of the Act pertain to liens on private property. As such, sections 21 and 23 of the Act are unrelated. *Coberg*, 356 Ill. 49, 190 N.E. 99. The court in *A.Y. McDonald Manufacturing Co. v. State Farm Mutual Automobile Insurance Co.*, 225 Ill. App. 3d 851, 587 N.E.2d 623 (1992), also recognized the distinction between the sections when it rejected the argument that a subcontractor's lien claim was limited by the amount due to its immediate contractor. Thus, *A.Y. McDonald* provides a coherent framework for interpreting section 21.

In *A.Y. McDonald*, a general contractor agreed to construct major improvements on property owned by an insurance company. A series of subcontracts for labor and materials followed, resulting in the existence of first- , second- and third-tier subcontractors. The

third-tier subcontractor in *A.Y. McDonald* brought a lien claim against all of the superior subcontractors, the general contractor and the property owner. The owner made payments in violation of a provision of the Act. The court noted that when an owner makes payments to the general contractor which are in violation of a subcontractor's rights, then such payments are wrongful. *Brady Brick & Supply Co. v. Lotito*, 43 Ill. App. 3d 69, 356 N.E.2d 1126 (1976). The court concluded that the plaintiff's lien claim was not limited to the amount owed to its immediate contractor. *A.Y. McDonald*, 225 Ill. App. 3d at 860, 587 N.E.2d at 629.

■ The Mechanics Lien Act attempts to balance the rights and duties of owners, subcontractors and materialmen. *Alliance Steel, Inc. v. Piercy*, 277 Ill. App. 3d 632, 660 N.E.2d 1341 (1996). The Act provides several methods by which parties to the various contracts may protect themselves in order to ensure that they are compensated for their efforts. Here, Struebing chose to protect itself by serving notice of its claim on Playboy pursuant to section 24 of the Act. Section 24 provides in part:

> "Sub-contractors *** may at any time after making his or her contract with the contractor, and shall within 90 days after the completion thereof, or, if extra or additional work or material is delivered thereafter, within 90 days after the date of completion of such *** work *** cause a written notice of his or her claim and the amount due or to become due thereunder, to be sent *** or personally served on the owner of record ***." 770 ILCS 60/24 (1992).

■ In the present case, it is undisputed that Struebing gave timely notice of its claim to Playboy. Despite notice of Struebing's claim, Playboy made a series of payments to BABCO. As such, these payments were in violation of Struebing's rights and interests as a subcontractor and thus were wrongful. Therefore, Struebing merely had to show that it "furnished materials pursuant to contract which were used in the building of the improvement and that the subcontractor for which it furnished the material had failed and refused to pay." *A.Y. McDonald*, 225 Ill. App. 3d at 860, 587 N.E.2d at 630.

Additionally, the court in *Contractors' Ready-Mix, Inc. v. Earl Given Construction Co.*, 242 Ill. App. 3d 448, 611 N.E.2d 529 (1993), concluded that where an owner of private property makes wrongful payments to a general contractor, the subcontractor is entitled to a mechanic's lien to the extent of those payments. See *Hudson v. Caterpillar Tractor Co.*, 117 Ill. App. 3d 720, 453 N.E.2d 880 (1983). We reject the defendants' contention on appeal and conclude that under the facts of this case, Struebing's claim was not limited to amounts

owed to its immediate subcontractor. The circuit court properly considered the sum of the wrongful payments made by Playboy in calculating the extent of the lien claim. Therefore, we affirm.

Affirmed.

HOFFMAN, P.J., and CAHILL, J., concur.