Sinclair Refining Company, Appellant, v. Ray Mann, Appellee.

Gen. No. 8,782.

Heard in this court at the February term, 1934. Opinion filed March 12, 1934.

SMITH & RECKHOW and WARD, GALLAGHER & RABOLD, for appellant; A. PHILLIP SMITH and FREDERICK R. RABOLD, of counsel.

WELSH & WELSH, for appellee; C. K. WELSH, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

The complainant below, appellant here, filed its bill to establish a lien under section 23 of the Mechanics' Liens Act, Cahill's St. ch. 82, ¶ 23. The defendant, appellee herein, answered and the cause was referred to the master, who recommended a decree in accordance with the prayer of the bill. The chancellor sustained exceptions to this report and rendered a decree dismissing the bill for want of equity and the record is brought to this court for review.

There is no dispute as to the facts. Appellee was a contractor and had entered into a contract with the department of public works and buildings to construct and pave section 135 of Route 173 in Lake county. Subsequently, appellee entered into a contract with Ray Madden, doing business as the Madden Construc-

tion Company, to do certain grading which was necessary to be done in the construction of said highway. Thereupon, Madden, the subcontractor, entered into a contract with appellant to furnish him oil and gasoline to be used by him in the performance of his contract with appellee. These materials, to the value of $1,864.09, which were used and consumed in the construction of said work, were so furnished by Madden and there remained due and unpaid appellant therefor at the time of the hearing the sum of $1,574.54. It further appeared that the amount due appellee in the hands of the State officials under his contract exceeds the amount so due appellant.

Section 23 of chapter 82, Cahill's Illinois Revised Statutes, ¶ 23, in force at the time of these transactions, provided, among other things, that any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor having a contract for public improvement for the State, may have a lien on the money, bonds or warrants due or about to become due such contractor under the contract. It is the contention of appellant that the provisions of this statute are broad enough to include appellant who furnished lienable materials to Madden, the subcontractor. Appellee, on the other hand, insists that the statute expressly restricts the right to a lien to persons furnishing material directly to the principal contractor, and that only a subcontractor can have a lien under this section of the statute, and that it does not include appellant who furnished materials to a subcontractor.

The first paragraph of this same section 23 provides that any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor having a contract for public improvement for any county, township, school district, city or municipality in this State shall have a lien on the money, bonds or warrants due or to become due such contractor under such contract. The construction of this section had the attention of our Supreme Court recently in the case of

*Alexander Lumber Co. v. Coberg,* 356 Ill. 49. In that case it appeared that contracts for the construction and erection of two school buildings had been entered into by and between the board of education of School District No. 46 in DuPage county and John C. Coberg. Subsequently Coberg sublet a portion thereof to one McDonald and he in turn contracted with the lumber company for certain materials which went into the construction of the buildings and the lumber company sought to enforce a lien for the balance due on its contract. In sustaining the decree of the circuit court, which denied a lien to the lumber company and dismissed its bill for want of equity, the Supreme Court in its opinion filed February 23, 1934, said: ''By reference to the relevant part of section 23, we find that the legislature has specifically mentioned only three parties: First, the municipality; Second, the contractor; and Third, the 'person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor having a contract for public improvement,' etc. Nowhere does a pertinent part of the section contain any language including materialmen, such as were the appellees here, who furnished materials to a sub-contractor. The language used by the legislature is plain, specific, and not all-inclusive. Under the authorities cited, and the well known rule that the expression of one thing is the exclusion of all others, this court has no right to read into this section words not found therein.''

The chancellor in the instant case likewise construed the pertinent provisions of section 23 as not sufficient to embrace appellant which furnished oil and gasoline to a subcontractor of appellee. The *Alexander Lumber Co.* case, *supra,* is decisive of the only question presented for review by this record, and the decree dismissing appellant's bill for want of equity is in harmony therewith and is therefore affirmed.

*Decree affirmed.*