**Chicago Pump Company, Appellant, v. Lakeside Engineering Corporation et al., Appellees.**

Opinion filed June 6, 1938. Rehearing denied July 7, 1938.

WHITMAN, HOLTON & TEWS, of Chicago, for appellant; CHARLES R. HOLTON and HERBERT R. TEWS, of counsel.

C. J. MORGAN, of Chicago, and SMITH, GEORGE and McCOLLUM, of Flora, for appellees; C. J. MORGAN, of counsel.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

On July 20, 1937, pursuant to leave of court plaintiff filed its engrossed amended and supplemental bill wherein it alleged that it is an Illinois Corporation and is engaged in the manufacturing and selling of pumps and sewage disposal equipment; that defendant Lakeside Engineering Corporation is also an Illinois corporation; that prior to July 24, 1934, the defendant city of Flora, a municipal corporation, entered into a written contract with the defendant Samuel Bryden whereby the latter agreed to furnish all material, machinery, labor, and so forth, necessary for the construction of the proposed sewage plant. On the same day a contract was entered into between the Lakeside Engineering Corporation and Bryden with reference to the furnishing of certain material, machinery, labor and so forth, for the construction of said plant. On July 31, 1934, the Lakeside ordered of plaintiff certain materials for the use in the sewage disposal plant and the same were delivered by plaintiff to the Lakeside on October 31, 1934, and they were incorporated in the plant and became an integral part thereof. Afterwards certain corrections were made in the prices thereof.

The complaint further alleges that afterwards the Lakeside furnished other material, machinery, labor and so forth, in connection with the construction of said plant, and also advanced and paid out various sums of money in that behalf. Plaintiff further alleges that there is due from the Lakeside the principal sum of $9,096.39, but that Lakeside has refused to pay the plaintiff and that the same remains unpaid.

Notices of said indebtedness to plaintiff were properly served upon the mayor, city clerk, and upon the treasurer of the city of Flora, claiming a lien upon the moneys, bonds or warrants due or to become due to the contractor Bryden from the City. A second notice of the same character was served upon the proper authorities of the City through some inadvertence as to whom the original contract was with. After service of notice plaintiff filed its complaint in the circuit court of Clay county against the Lakeside Engineering Corporation and the City. The City filed its answer and Lakeside filed its answer and counterclaim. At the dates of the service of the above notices the City was indebted or subsequently became indebted to contractor Bryden under their contract in the sum of $5,200, and on those dates Bryden was indebted to or subsequently became indebted to Lakeside under his contract with Lakeside for material and so forth in the sum of $5,200.

Plaintiff claims it is entitled to a mechanic's lien upon the moneys, bonds, or warrants due or to become due the defendant Bryden from the City pursuant to the statute and is without remedy and prays an account be taken, that the court fix the amount due the plaintiff from Lakeside and Lakeside be decreed to pay and that plaintiff may be entitled to a lien upon the aforesaid moneys, bonds or warrants and so forth due or to become due to Bryden for the amount due the plaintiff in pursuance of the statute; that in default of

payment by Lakeside that said city or its proper disbursing officers be directed to pay such sum or sums to the plaintiff as the court may determine is due and owing and that plaintiff may have execution against Lakeside for any balance remaining due the plaintiff in the event the moneys, bonds and warrants referred to shall be insufficient fully to pay the whole debt found to be due plaintiff.

A similar prayer was made against the defendant Bryden. Bryden was not made a party defendant to the original complaint, but was added as a party by the amended complaint.

The Lakeside filed its motion to strike said amended complaint and defendant Bryden joined in said motion. The City did not plead. The trial court held the complaint insufficient in law and ordered the same dismissed for want of equity. Proper exceptions were taken and plaintiff brings the case here upon appeal. It assigns as error that the court misconceived the purport and effect of section 23 of the Mechanic's Lien Act [Ill. Rev. Stat. 1937, ch. 82, § 23; Jones Ill. Stats. Ann. 74.23]; that it erred in sustaining the motion and ordering the case dismissed.

There is no substantial disagreement between the parties hereto, nor, indeed, can there be, as to the proper end aimed at in construing statutes, namely, to find out the intention of the legislature. It is equally certain under the decisions of our courts that those statutes which are in derogation of the common law must be strictly construed and interpreters thereof in such cases must look to the language of the act to find out the meaning of the particular statute. There is also agreement between the parties as to the historical legislation involved here,—that is, the mechanic's lien law, before the amendment of 1935 and before the amendment of 1937, both of which are invoked in this case. It is also an undisputed fact that the materials

furnished to the subcontractor were furnished prior to these amendments. If it is intended to be argued that material men in the position of plaintiff were entitled to lien prior to these amendments and that said amendments were in fact wholly remedial, that is, provided a means for carrying out a right that already existed, then we are immediately brought into contact with the case of *Alexander Lumber Co. v. Coberg,* 356 Ill. 49, which holds as definitely as language can make it, that no lien did exist prior to the amendments to material men placed in a position which plaintiff now is. These amendments, whether the legislature had under consideration the effect of the *Coberg* case, *supra,* or not, in our judgment provide the lien for such persons as plaintiff now is, and that, therefore, had the materials which it furnished been furnished subsequent to the amendment of 1935, the remedy which he here seeks would have been plenary and complete. It seems to us, therefore, that the question before this court is whether the amendments were remedial and provided a means of carrying out a right which already existed, or whether they created a new right together with the remedy for its enforcement. As said above, on the theory that such a right existed and the amendments created a system of carrying out that right, we have to contend with the *Coberg* case, *supra.* We must decide that in view of the *Coberg* case no such right as plaintiff now insists upon existed in it prior to the time of the amendments. What then was there to remedy or carry out? There would first have to be established a right before the remedy for carrying it out could be available. It is true as contended by appellant under the authorities cited that there is such a thing as remedial legislation which does not change the *status quo* of the parties, except by means of a remedy for its enforcement which does not affect any of the parties. But we have here to consider law which creates a new

right which did not exist in the party at the time of making the contract and then proceeds in the same breath to provide for the carrying out or executing that right. In *Fisher v. Green,* 142 Ill. 80, our Supreme Court said, ''the rule undoubtedly is, that in the absence of express language requiring it, a retroactive constructive will not be adopted. The rule on this subject is laid down in Endlich on the Construction of Statutes, sec. 271, as follows: 'The rule to be derived from the comparison of a vast number of judicial utterances upon this subject seems to be, that, even in the absence of constitutional obstacles to retroaction, a construction giving a statute a prospective operation is always to be preferred, unless a purpose to give it a retrospective force is expressed by clear and positive command, or to be inferred by necessary, unequivocal and unavoidable implication from the words of the statute, taken by themselves and in connection with the subject matter, and the occasion of the enactment, admitting of no reasonable doubt, but precluding all questions as to such intention.' '' There are acts which under certain conditions may and do provide that said act shall have a retroactive effect; also there are cases where vested rights are divested and acts which were perfectly lawful when done are subsequently made unlawful by statutes; in such cases those who have the duty of interpretation must give such effect to such acts and conditions. Until a right exists, either at law or in chancery, or by statute, the enactment of a method of procedure can neither add to nor detract from the basis on which the supposed right rests.

In the present case the right contended for, if it exists at all, must exist by statutory enactment. We cannot see any sufficient reason; in view of the language of the statute under consideration, to hold that it is retroactive and established a right in plaintiff so that its remedial provisions might be applied to that right,

—a right which did not exist prior to the enactment of the remedy. Not only do we think that this was not the intention of the legislature, but we are constrained to the belief that to give the statute such an interpretation would be to impair the obligations of contracts, such as rights which existed in the defendant Bryden, or rights which existed in the defendant Lakeside Engineering Corporation. To give these amendments such an interpretation in disregard of the rights which exist in the two above named defendants, even though the public for which the improvement was made is not affected, would be obnoxious to the constitution and void and unenforcible.

We are of the opinion that the trial court did not err in dismissing the complaint in this case for want of equity and its action in that regard will be affirmed.

*Decree affirmed.*